[4] But, says counsel, the two acts, as affecting the same territory, cannot coexist under the Constitution, because both authorize the imposition of taxes for levee purposes, and this double taxation would be unconstitutional.

There might be such inconsistency if the two acts together authorized taxation beyond the constitutional limitation. But they do not. Under the Constitution, the district may levy 10 mills for levee purposes, and the municipality 10 mills for municipal purposes. No more than this is authorized by the two acts together. Very true, in the long list of powers conferred upon the city council is found the one "to provide for a levee and drainage system, and open such canals or natural drains," etc. But this is very far from meaning that levee taxes beyond the regular city alimony may be imposed. All it means is that out of its 10 mills' alimony the city may do work of that kind. All the cities of the state situated within the levee districts are authorized to impose the like taxes, and the thought has never occurred to any one that there was any conflict between this and the authority of the levee district to impose the levee taxes.

The trial court rejected plaintiff's demand. Judgment affirmed.

---

(85 South. 889)

No. 23285.

**CAPITAL CITY OIL CO. v. DAY, Sheriff, et al.**

(May 31, 1920. Rehearing Denied June 30, 1920.)

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Proceedings by the Capital City Oil Company against R. B. Day, Sheriff and ex officio Tax Collector, and others. From a decision adverse to plaintiff, it appeals. Affirmed.

147 LA.—24

T. Jones Cross, of Baton Rouge, for appellant.
John Fred Odom, of Baton Rouge, for appellees.

PROVOSTY, J. This case presents the same issues as that of same title, No. 22707, 85 South. 888,[1] this day decided.

For the reasons there assigned

Judgment affirmed.

---

(85 South. 890)

No. 23969.

**GRIFFITH et al. v. BUIE, State Highway Engineer, et al.**

**In re GRIFFITH et al.**

(June 10, 1920. Rehearing Denied June 30, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬡475—Upon suspensive appeal from judgment dissolving injunction, court may require sufficient injunction bond.**

Although the only bond required by law for a suspensive appeal from a judgment dissolving a writ of injunction on the face of the papers is one for costs, yet where such appeal would maintain the status quo and keep the injunction in full force, it was proper for the judge to require an additional bond, where the original injunction bond was insufficient, as a condition precedent to permitting such appeal.

2. **Appeal and error ⬡461—Cost bond sufficient for suspensive appeal from judgment dissolving injunction, only where injunction bond is sufficient.**

A cost bond is sufficient for an appeal from a judgment dissolving a writ of injunction on the face of the papers, as the injunction bond is presumed sufficient, but such reason vanishes when it is found insufficient to protect respondent from such damages as may result from continuance of injunction pending suspensive appeal.

3. **Appeal and error ⬡447—Judge has discretion to order an additional injunction bond, on suspensive appeal from the dissolving judgment.**

A suspensive appeal from a judgment dissolving a writ of injunction on the face of the

---

[1] Ante, p. 734.